# Exhibit E



**U.S. Department of Justice**

Office of Legal Counsel

Washington, D.C. 20530

January 6, 2017

Gregory Korte
White House Correspondent
USA TODAY
gkorte@usatoday.com

Re:   FOIA Tracking No. FY17-018

Dear Mr. Korte:

This letter responds to your December 29, 2016 Freedom of Information Act ("FOIA") request to the Office of Legal Counsel ("OLC"), seeking "The Memorandum from Acting Solicitor General Alfred A. Wheat to the Attorney General titled *Re: Signature of the President on Pardon Warrants and Signatures of the President and the Attorney General on Commissions of Notaries Public in the District of Columbia* (Mar. 27, 1929)." You request was assigned tracking number **FY17-018** and pursuant to 28 C.F.R. § 16.5(b), your request was processed in the simple track.

We have located the document you have requested. The document is protected by the attorney-client privilege and exempt from mandatory disclosure pursuant to FOIA Exemption Five, 5 U.S.C. § 552(b)(5), but we are releasing it to you as a matter of discretion. A copy of the document is enclosed.

You may contact our FOIA Public Liaison, Melissa Golden, at 202-514-2053 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services ("OGIS") at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

You have the right to an administrative appeal. You may administratively appeal by writing to the Director, Office of Information Policy ("OIP"), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Paul P. Colborn
Special Counsel

Enclosure

OFFICE OF THE SOLICITOR GENERAL

WASHINGTON, D. C.

March 27, 1929.

MEMORANDUM FOR THE ATTORNEY GENERAL

In re signature of the President on pardon warrants and signatures of the President and the Attorney General on commissions of notaries public in the District of Columbia

In 1926 I wrote a memorandum for the Attorney General on the question whether the law requires the autograph signature of the President on Commissions of so-called Presidential postmasters, or whether the printing of his facsimile signature would satisfy the statute, which provided:

> That the said seal shall not be affixed to any such commission before the same shall have signed by the President of the United States.

I have just learned that that memorandum was approved by Attorney General Sargent and has been acted upon by the Post Office Department ever since. I think its conclusions are sound and have adopted them in the present case, and for convenience attach a copy. I also annex a memorandum by Mr. Butte, who, at my request, went over the question and has given me the benefit of his views.

In that memorandum I concluded that upon principle and authority the facsimile signature of the President affixed to

a commission by direction of the President and adopted by him as his signature was a compliance with the statute. The same principle applies to the questions now presented.

## Pardon Warrants

Neither the Constitution nor any statute prescribes the method by which Executive clemency shall be exercised or evidenced. It is wholly a matter for the President to decide, as a practical question of administrative policy. Nobody but the President can exercise the power, but the power having been exercised the method of making a record and evidence thereof is a mere detail which he can prescribe in accordance with what he deems to be the practical necessities and proprieties of the situation.

The important thing is to guard against the issue of spurious pardons. That ought not to be difficult. Then, too, custom and propriety require that the pardoned man be given some token to show that he has been pardoned. That need not have the President's autograph. If it shall bear the facsimile signature and be certified by an official having charge of the records as having been issued by the President, or by his direction, that will be sufficient. Indeed, I should say that a mere certificate signed by the custodian of the records that a pardon had been granted would suffice. The details can be

worked out by those familiar with the practical necessities. To burden the President with the labor of signing the warrants is, as a matter of law, wholly unnecessary.

There is no statute requiring the countersignature of the Attorney General, but it is required by Executive Order of June 16, 1893.

### Notarial Commissions

The statutory provision is as follows (Act of August 8, 1888, U.S.C. Title V, Section 12):

> Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That hereafter the commissions of all judicial officers, including marshals and attorneys of the United States, appointed by the President, by and with the advice and consent of the Senate, and all other commissions heretofore prepared at the Department of State upon the requisition of the Attorney General, shall be made out and recorded in the Department of Justice, and shall be under the seal of said Department and countersigned by the Attorney-General, any laws to the contrary notwithstanding: Provided, That the said seal shall not be affixed to any such commission before the same shall have been signed by the President of the United States.

The commissions need not bear the autograph of the President. He may adopt a facsimile and direct that commissions bearing it shall issue to those whom he has appointed.

As to the provision that they shall be countersigned by the Attorney General a slightly different question is involved.

4

The reasoning which leads to the conclusion that the President may direct that his facsimile signature be affixed to documents issued by his direction leads to the same conclusion with respect to the right of the Attorney General to authorize some one to do the same thing in his behalf, unless the language of the statute, or the inherent implication arising from the document itself, and the circumstances under which the signature purports to be attached, make the reasoning inapplicable. Illustrations of the latter character are oaths required to be taken or subscribed, certificates of the acknowledgment of deeds, and the taking of oaths, and the like.

Mr. Butte thinks that the Attorney General should sign these commissions autographically. He says:

> Where the President's signature is not original but facsimile only, it would seem imperative that the attesting signature be original. Certainly, one facsimile signature attests nothing to the genuineness of another facsimile signature. It needs attestation itself.

He also reasons that the Attorney General is the only head of a Department now required by statute to countersign commissions, as the similar provision with respect to other Departments was repealed by the Acts of March 3, 1905, and March 4, 1913, and he concludes that the intent of Congress was that the Attorney General should actually sign. There is considerable force in this view. However, I do not think that such a construction is imperative. The statute uses the

word "countersign." The Standard Dictionary defines "countersign" as:

> To sign alongside of or in addition to the signature of another; authenticate by an additional signature.

To attest is defined by the same authority as:

> To certify as accurate, genuine, or true.

Using these definitions, I think that the countersignature of the Attorney General is intended to be merely another signature and not a certification to the genuineness of the signature of the President. My view, however, may be too narrow.

The necessity for a strict and literal construction of the statute is to be measured by the danger to be apprehended in a practical sense from an illegal issue of commissions. In the case of Judges of the Federal Courts, or other high offices, the fear of anything like that is of course absurd. We cannot conceive of a man getting possession of a blank commission, filling in his name, and then entering upon and performing the duties of a Judge or United States Attorney. In the case of a notary public that might possibly be done, although the danger is probably slight. However that may be, and while I think the statute may, without violence to its terms, be construed as not requiring the autograph signature of the Attorney General, such a construction would approach

the permissible limit. Perhaps discretion and a proper respect for an Act of Congress make it advisable for us not to go so far. Congress would undoubtedly amend the statute if the suggestion should be made.

I have no doubt whatever that pardon warrants and notarial commissions may be issued without autograph signature of the President. With respect to the countersignature of the Attorney General, I do not think that we are compelled to interpret it so as to require that signature to be an autograph, although I am inclined to believe that it would be expedient for him to continue to sign the notarial commissions until Congress shall amend the statute.

/s/ Alfred A. Wheat
Acting Solicitor General